IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff,**<br><br>v.<br><br>[3] OLUWASEUN ADELEKAN,<br><br>**Defendant.** | CRIM. NO. 21-CR-395-3 (RAM) |

<u>**OPINION AND ORDER**</u>

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court are Defendant Oluwaseun Adelekan's ("Defendant" or "Adelekan") *Motion Requesting Documentation of Ethnicity of Grand Jurors who Returned Indictment in This Case* and *Motion Requesting Orders of Empanelment & Extensions of Grand Juries* (collectively, the "*Motions*"). (Docket Nos. 383 and 386). Also pending before the Court is the United States of America's (the "Government") *Response in Partial Opposition to Defendant Adelekan's Request for Grand Jury Information* ("*Response*"). (Docket No. 410). Because the matters have been fully briefed and relate to the same issues, the Court will address both arguments in this Opinion and Order. For the following reasons, the *Motions* are **GRANTED IN PART and DENIED IN PART.**

I.  BACKGROUND

On October 20, 2021, a grand jury in the District of Puerto Rico returned a single-count Indictment charging Oluwasegun

Baiyewu with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). (Docket No. 5). About a year and a half later, on March 31, 2023, a grand jury returned a single-count Superseding Indictment charging Adelekan and four co-defendants with conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(h) and 3147. (Docket No. 86). The Superseding Indictment alleges numerous schemes supporting the money laundering conspiracy; these charges arose out of events occurring between May 2020 and October 2021. Id. ¶ 19.

On September 10, 2024, Defendant moved for an order requiring the "Clerk's Office to provide Adelekan with all documentation that shows Ethnicity of any and all Grand Jurors who participated in return of the indictments in this instant case," to include Grand Juror qualification forms, in accordance with 28 U.S.C. § 1867 and Vasquez v. Hillary, 474 U.S. 254 (1986) (conviction set aside because of unlawful exclusion of members of defendant's race from grand jury). (Docket No. 383). Defendant claims he has a particularized need for this documentation to file a pre-trial Fed. R. Crim. P. 12 motion. Id. at 1. On the same day, Defendant also moved for an order releasing documentation for "both Grand Juries who investigated this case and issued the initial and then superseding indictment," to include any orders of empanelment or extension of grand jury terms. (Docket No. 386). Defendant asserts

Criminal No. 21-395-3 (RAM)                                                      3

that the Superseding Indictment was returned by an out-of-term grand jury, in violation of Fed. R. Crim. P. 6(g), so he has a particularized need for this information in order to file a motion to dismiss the indictment. Id. at 1.

The Government filed a singular *Response* to address both motions, partially acceding to Defendant's requests. (Docket No. 410). The Government does not oppose providing grand jury information that is public under the Jury Selection and Services Act ("JSSA"), 28 U.S.C. § 1861 *et. seq.* Id. at 1-2. However, it requests that this Court deny the motions to the extent Defendant seeks information about grand juror identities and other non-public, non-ministerial grand jury information. Id. Specifically, the Government accedes to the disclosure of the following ministerial information: (1) term dates of all grand juries participating in the case; (2) term dates of any extensions pursuant to Fed. R. Crim. P. 6(g); (3) specific meeting dates; (4) dates of the transfer of evidence between grand juries and any accompanying orders; (5) number of originally empaneled grand jurors returning the indictment; (6) grounds for the replacement of any grand juror; and (7) copies of Government motions requesting extensions. Id. at 4-5, 9-10; *see* United States v. Morrell-Corrada, No. 04-160, 2004 WL 7336971, *1, *4-5 (D.P.R. Nov. 9, 2004). As such, the Government has no objection to granting Defendant's

Criminal No. 21-395-3 (RAM)                                                     4

request for access to the Master Jury Wheel and AO-12 form or questionnaires for the grand jury that returned the Superseding Indictment, as well as its empanelment order and any term extensions, so long as the confidentiality of any grand juror is not revealed. Id. at 11. Lastly, the Government requests that any potential identifying information be placed under seal if the Court decides to grant Defendant's motions. Id.

## II.  DISCUSSION

The JSSA states that "all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes." 28 U.S.C. § 1861. A defendant may challenge compliance with selection procedures by moving to dismiss the indictment or stay the proceedings. Id. § 1867(a). To help effectuate this right, "[t]he parties in a case shall be allowed to inspect, reproduce, and copy ... [t]he contents of records or papers used by the jury commission or clerk in connection with the jury selection process." Id. § 1867(f); see also United States v. Merrick, 2020 WL 4808634 (D.N.H. 2020) (granting request for grand jury demographic information).

Fed. R. Crim. P. 6(e)(ii) allows district courts to authorize disclosure of a grand jury matter "at a time, in a manner, and subject to any other conditions that it directs," and "at the

request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Local Criminal Rule 106(a) states that "[t]he names of jurors drawn from the qualified jury wheel and selected to sit on a grand jury shall be kept confidential and not made public or disclosed . . . except as otherwise authorized by a court order in an individual case pursuant to 28 U.S.C. § 1867(f)." Furthermore, all "documents filed with the clerk concerning or contesting grand jury proceedings shall be sealed unless otherwise ordered by the court, based upon a showing of particularized need." L. CR. R. 106(b).

"Balancing [Defendant's] right to this information against the privacy interests of the grand jurors and the need for grand jury secrecy," the Court concludes that Adelekan is entitled to some of the information he requests, but with limitations. *See* United States v. Stile, 2014 WL 1908938 (D. Me. 2014) (assessing similar request, explaining doctrine, and collecting cases). As the Government noted previously, and reasserts in its *Response*, because the Indictment and Superseding Indictment were returned by two different grand juries, Defendant's motion to dismiss is moot with respect to out-of-term jury issues.[1] (Docket No. 410 at 10).

---

[1] Fed. R. Crim. P. 6(g) states that a "grand jury must serve until the court discharges it, but it may serve more than 18 months only if the court, having

Nonetheless, Adelekan has shown a particularized need for access to grand juror information from the Superseding Indictment, pursuant to the JSSA, and ministerial information regarding the empanelment order and term dates for the grand jury that returned the Superseding Indictment, in order to pursue his motion to dismiss. However, 28 U.S.C. § 1867 "is not a license for litigants to rummage at will through all jury-related records maintained by the Clerk of Court," thus to the extent that the requested documentation includes non-ministerial information and confidential, identifying details of grand jurors, those details shall be redacted or excluded from disclosure. *See* Merrick, 2020 WL 4808634 at *1 (quoting United States v. Rice, 489 F. Supp. 2d 1312, 1316 (S.D. Ala. 2007) (finding that "federal courts have uniformly declined to allow unfettered access to all jury-related documents and records")); *see also* Stile, 2014 WL 1908938 at *5

---

determined that an extension is in the public interest, extends the grand jury's service." However, "it is standard practice to accept superseding indictments from different grand juries in order to make corrections to or add defendants, charges, or details to prior indictments." United States v. Lacey, 53 F.3d 332 (6th Cir. 1995) (unpublished) (denying defendant's motion to dismiss 5th superseding indictment issued three years after return of original indictment because indictments were returned by different grand juries). Furthermore, Fed. R. Crim. P. 6(e)(3)(C) provides that "government attorneys can present evidence from prior grand juries to subsequent grand juries and it is proper for a subsequent grand jury to use such information to return a valid superseding indictment." United States v. Hayden, No. 4:17-CR-530-RWS-NAB, 2020 WL 2364592, at *9 (E.D. Mo. Mar. 12, 2020), *report and recommendation adopted*, No. 4:17-cr-530-RWS, 2020 WL 2323000 (E.D. Mo. May 11, 2020); *see also* In re United States, 441 F.3d 44,55 (1st Cir. 2006) ("[T]he government is free to transfer evidence from one grand jury to a later one.").

("[T]he redaction of personal identifiers, such as name, address, juror identification number, month and day of birth, and occupation, balances the grand juror's legitimate right of privacy against the Defendant's right to mount a challenge to the composition of the grand jury.").

Therefore, the Court **GRANTS IN PART and DENIES IN PART** Defendant's *Motions*, subject to certain limitations, and **ORDERS** the Clerk of Court to produce: (1) properly redacted versions of the Master Jury Wheel, AO-12 forms, and juror qualification questionnaires from the time period relevant to the grand jury that returned the Superseding Indictment; and (2) documentation of the empanelment order and any term extensions for the grand jury that returned the Superseding Indictment. The production of this material is subject to the following restrictions.

- The Clerk of Court shall redact personal identifying information from any material produced pursuant to this Order, including jurors' names, jurors' street addresses, the last four digits of any juror's nine-digit zip code, jurors' phone numbers, jurors' e-mail addresses, jurors' employers, and any other information that the Clerk of Court calculates is reasonably necessary to protect the identity of any jurors.
- The produced material may only be used in connection with the preparation and litigation of a motion in this case

challenging the District of Puerto Rico's grand jury selection procedures. The produced material may not be used for purposes of jury selection, trial, or any other matter except as already noted.

- The produced material must be returned to the Court prior to or at the commencement of jury selection or counsel must certify that the produced material has been destroyed and that no produced material or information has been retained in any duplicate or facsimile form.

- Consistent with 28 U.S.C. § 1867(f), the produced material may not be disclosed, shown, or distributed in any manner to third parties. The produced material may only be disclosed to individuals who have a need to view the material for the defined scope of the production, as noted above.

- Defendant shall not possess the produced material at any time, except when reviewing the material with counsel. The material may not be carried into or reviewed in any jail facility. The material may only be reviewed by Defendant by whatever appropriate requested arrangement can be made to facilitate any such review while physically present on the premises of the Clemente Ruiz Nazario U.S. Courthouse or other suitable premises available to the government. To that end, given that

Criminal No. 21-395-3 (RAM)                                                                 9

>   Defendant will be physically present at the Clemente Ruiz Nazario Courthouse for a meeting on October 22, 2024, Defendant shall review said documents on that date.
> 
> - Any attorney who accesses the produced material is personally responsible not only for their compliance with this Order, but also their client's compliance with the requirements of this Order and compliance by any staff member or other person who is shown the material consistent with the parameters of this Order.

### III. CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS IN PART and DENIES IN PART** Defendant Oluwaseun Adelekan's *Motion Requesting Documentation of Ethnicity of Grand Jurors who Returned Indictment in This Case* and *Motion Requesting Orders of Empanelment & Extensions of Grand Juries*.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 17th day of October 2024.

                                        s/Raúl M. Arias-Marxuach
                                        UNITED STATES DISTRICT JUDGE